1

2

3

4

5

6

7

8            **IN THE UNITED STATES DISTRICT COURT**

9            **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   JOHN SMALLWOOD,                          No.  2:21-CV-0641-JAM-DMC-P

12                    Petitioner,

13        v.                                  <u>FINDINGS AND RECOMMENDATIONS</u>

14   PAUL THOMPSON,

15                    Respondent.

16

17            Petitioner, a federal prisoner proceeding pro se, brings this petition for a writ of

18   habeas corpus under 28 U.S.C. § 2241.  Pending before the Court is Respondent's motion to

19   dismiss.  <u>See</u> ECF No. 9.

20

21                              **I.  BACKGROUND**

22            Petitioner is a federal prisoner incarcerated at the Federal Correctional Institution –

23   Herlong.  <u>See</u> ECF No. 1, pg. 1.  Petitioner claims that he is entitled to relief under the First Step

24   Act (FSA) of 2018 in the form of additional credits and, as a result, immediate release or transfer

25   to pre-release custody.  <u>See id.</u> at 8-9.  With his petition, Petitioner has filed a motion for

26   preliminary injunction seeking the same relief.  <u>See</u> ECF No. 2.

27   / / /

28   / / /

1

## II. DISCUSSION

2      Respondent contends the Court should dismiss the petition.  By way of

3 background, Respondent offers the following summary of the relevant provisions of the FSA:

4      On 12/21/2018, Congress enacted the FSA to prescribe criminal
justice reform. *See* Pub. L. No. 115-391, 132 Stat. 5194. The U.S.
5      Department of Justice, under BOP, was permitted 210 days to develop and
then publicly release a risk and needs assessment system to assess
6      inmates' risk of recidivism. *See* 18 U.S.C. § 3632(a). BOP timely
published its risk and needs assessment system on 7/19/2019; BOP timely
7      implemented and completed initial intake risk and needs assessment for
each inmate before 1/15/2020. Pursuant to 18 U.S.C. § 3621(h)(1)(A),
8      BOP assigns inmates to appropriate evidence-based recidivism reduction
programs based on that determination.
9          Against this background, as a matter of law, Bureau of Prisons has
two years to "phase-in" programming and provide "evidenced-based
10     recidivism reduction programs and productive activities for all prisoners
. . . ." *Id*. § 3621(h)(2)(A-B); *see also Betts-Gaston v. Entzel*, No. 19-
11     03295 (C.D. Ill. Feb. 27, 2020) (BOP has until January 2022 to phase in
programming in order to determine when a prisoner is ready to transfer
12     into prerelease custody) (internal quotations omitted). Under FSA,
prisoners, such as Petitioner Matecki, who qualify and who "successfully
13     complete evidence-based recidivism reduction programming or productive
activities, shall earn time credits." *Id*. § 3632(d)(4)(A). These credits can
14     accrue at the rate of "10 days of time credits for every 30 days of
successful participation in evidence-based recidivism programming or
15     productive activities." *Id*. § 3632(d)(4)(A)(i). Some prisoners who are
scored at a low or minimum risk of recidivating, and who have not
16     increased this risk over a period of two consecutive assessments, will earn
an additional 5 days of time credits for every 30 days of successfully
17     participation. *Id*. § 3632(d)(4)(A)(ii). The award of any credits is *not*
*retroactive* t*o* any programs the prisoner successfully completed "prior to
18     the date of enactment of this subchapter." *Id*. § 3632(d)(4)(B).

19     ECF No. 9, pg. 4.

20      Respondent argues the Court lacks Article III standing because the phase-in period

21 has not expired.  Respondent also argues Petitioner fails to state a claim upon which relief can be

22 granted because the Bureau of Prisons has sole discretion to place an inmate in end-of-sentence

23 transition programs.  Finally, Respondent contends Petitioner has failed to exhaust administrative

24 remedies.

25 / / /

26 / / /

27 / / /

28 / / /

2

A.      **Standing**

According to Respondent:

Article III limits the federal courts to deciding "cases" and "controversies." To ensure that any matter presented to a federal court meets such requirement, this Court must consider the doctrines of standing, ripeness, and mootness. *See Ellis v. Tribune Television*, 443 F.3d 71, 80 (2d Cir.2006). The most important of these doctrines is standing. *See Allen v. Wright*, 468 U.S. 737, 750 (1984). To establish standing, "[a] plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Id.* at 751. The injury must be "an invasion of a legally protected interest which is (a) concrete and particularized and (b) 'actual or imminent,' "not conjectural or hypothetical". *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992) (citations omitted). A determination of standing is based on the facts at the time the action is filed. *See Hargrave v. Vermont,* 340 F.3d 27, 34 n. 7 (2d Cir.2003) (citations omitted).

Here, neither Petitioner's custodial status nor custody term has been impacted by any BOP action or theoretical inaction. (footnote 1 omitted). *See Matecki*, 2021 WL 2457691 at *2-3. In other words, BOP has not rendered any decision regarding FSA/ETC sentence end-phase programing options. *See Liwag* Declaration at 8-10. Accordingly, Petitioner Smallwood lacked Article III standing at the time he filed the petition, and he continues to lack standing. *See Matecki*, 2021 WL 2457691 at *2; *see also Sanders v. Sanders*, 2006 WL 751281, at *4 (E.D. Ark. Mar. 21, 2006) (dismissing § 2241 petition as premature and for lack of standing); *Allen v. Federal Bureau of Prisons*, 2006 WL 20527 (D. N.J. Jan. 3, 2006). Without authority, Petitioner demands — contrary to the FSA — that this Court usurp BOP discretion and order BOP discretionary release.

ECF No. 9, pgs. 5-6.

Respondent also contends:

Further, this Court should dismiss for lack of ripeness. "Ripeness is a justiciability doctrine designed to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties." *National Park Hospitality Ass'n v. Department of Interior*, 538 U.S. 803, 807–08 (2003) (internal quotes and citation omitted). Petitioner's 2241 petition is not ripe for review, and this Court should dismiss for lack of subject-matter jurisdiction. *Accord Hand*, 2021 WL 1734517 (E.D. Cal., May 03, 2021), *adopting Magistrate findings and recommendations*, 2021 WL 694904 (Feb. 23, 2021).

In this matter, the temporally distant and speculative nature underlying Petitioner's demands do not establish that he will sustain immediate injury and that such injury would be redressed by the relief requested. *Matecki*, 2021 WL 2457691 at *2; s*ee Cinel v Connick*, 15 F.3d 1338, 1341 (5th Cir. 1994) (citation omitted). *Accord Sample v. Morrison,* 406 F.3d 310, 312–13 (5th Cir.2005). *See also Rudd v. Smith,* No. 1:07-cv-01073 DLB (HC), 2007 WL 4557105 (E.D. Cal. Dec. 21,

3

1

2007) (dismissing premature claim and 2241 petition for lack of ripeness).
For lack of ripeness, Petitioner's reliance, ECF 1 p 12-13, on *Goodman v.
2 *Ortiz*, No. CV 20-7582 (RMB), 2020 WL 5015613 (D.N.J. Aug. 25,
2020), is without merit. *Matecki*, 2021 WL 2457691 at *2. See *Hand v.*
3 *Warden of FCI Herlong*, No. 2:20-cv-0348-AWI-SAB (E.D. Cal. May 10,
2021), Dct 24.

4

ECF No. 9, pg. 6.

5

6      These arguments are persuasive.  The Court finds Petitioner's claim is

7  nonjusticiable for lack of standing and ripeness based on the same reason – Petitioner's claim is

8  premature.  As explained above, the phase-in period does not expire until January 2022.  Until

9  that time, Petitioner cannot establish a live case or controversy upon which this Court can be

10  called upon to pass judgment.  Similarly, because the phase-in period has not expired, Petitioner

11  can only speculate as to what the BOP may or may not do in his case.  Until the phase-in period

12  expires and the BOP has or has not taken some action with respect to the availability of credits for

13  petitioner under the FSA, there is no ripe claim for this Court to review.  Respondent's motion to

14  dismiss should be granted.

15      **B.**      **Failure to State a Claim**

16          At footnote 1 of his motion to dismiss, Respondent argues Petitioner fails to state a

17  claim upon which relief can be granted because Petitioner seeks to compel a discretionary act.

18  According to Respondent:

19          This Court lacks jurisdiction to review BOP discretionary,
individualized, decisions concerning release to home confinement and
20      application of time credits. As a matter of law, 34 U.S.C. § 60541(g)
grants to *the Attorney General* the discretion to release certain prisoners to
21      serve the latter part of their sentence on home confinement. For
implementation, the Attorney General's BOP must make unique, agency
22      specific, determinations. Indeed, for any decision regarding First Step Act
sentence end-phase programing (home detention), the Attorney General,
23      via BOP, must make *inter alia* determinations regarding costs, savings,
and further find that the offender, if eligible, does not pose a risk of
24      engaging in future criminal conduct or is otherwise a danger. As the
statute makes clear, the "Attorney General" is granted the discretion and
25      "may release" some eligible offenders. The "failure to receive relief that is
purely discretionary in nature does not amount to a deprivation of a liberty
26      interest." *See Mejia Rodriguez v. Reno*, 178 F.3d 1139, 1146 (11th Cir.
1999) (*citing Conn. Bd. of Pardons v. Dumschat*, 452 U.S. 458, 465
27      (1981)).

28      ECF No. 9, pg. 5, n.1.

4

1    The Court also finds this argument persuasive.  Here, the FSA provides a

2    mechanism for the BOP to exercise its discretion concerning credits and early release.

3    Specifically, once the phase-in period expires, Petitioner may be entitled to additional early

4    release credits.  As Respondent's notes, whether or not to grant Petitioner early release pursuant

5    to the as-yet implemented provisions of the FSA is a matter within the BOP's discretion.  And as

6    Respondent also notes, the denial of early release in the exercise of the BOP's discretion would

7    not give rise to the deprivation of a liberty interest such as would support Petitioner's claim.

8    Petitioner does not state a claim upon which relief can be granted under 28 U.S.C. § 2241.

9          **C.    Exhaustion of Administrative Remedies**

10         Finally, Respondent contends the Court should dismiss the case because Petitioner

11   failed to exhaust administrative remedies.  Respondent argues:

12         Moreover, this Court should dismiss for lack of statutory
           jurisdiction and failure to challenge via administrative process.
13         On the one hand, Petitioner is a federal prisoner who is not
           presently eligible for FSA/ETC sentence end-phase programing. Liwag
14         Declaration at 8-10. Even if he were to become eligible, any theoretical
           decision is entrusted by law to BOP discretion.
15         On the other hand, "[a]s a prudential matter, courts require that
           habeas petitioners exhaust all available judicial and administrative
16         remedies before seeking relief under § 2241." *Ward v. Chavez*, 678 F.3d
           1042, 1045 (9th Cir. 2012). Here, Petitioner failed to exhaust BOP's
17         administrative remedy procedure. As a prudential matter, federal prisoners
           must exhaust administrative remedies prior to bringing habeas corpus
18         actions. *See Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1986)
           ("Federal prisoners are required to exhaust their federal administrative
19         remedies prior to bringing a petition for writ of habeas corpus in federal
           court."). Petitioner's claim of excuse from the requirement to exhaust for
20         futility (challenge to BOP policy) and for irreparable injury are without
           merit. These excuse claims in the context of so-called advanced
21         application of ETC credits under the FSA are erroneous. *Matecki*, 2021
           WL 2457691 at *4. *See also Hand v. Barr*, 2021 WL 392445 at *4,
22         *Hand v. Merlak*, 2020 WL 3172697 at *2-3.
           Congress was clear in giving the BOP an additional two years, or
23         until January 2022, to phase in the programming to reduce recidivism for
           the specific reasons as outlined in 18 U.S.C. 3621(h)(2).
24
                 In order to carry out paragraph (1) [implementation
25               of the risk and needs assessment system], so that
                 every prisoner has the opportunity to participate in
26               and complete the type and amount of evidence-
                 based recidivism reduction programs or productive
27               activities they need, and be reassessed for
                 recidivism risk as necessary to effectively
28               implement the System, the Bureau of Prisons

                                    5

shall—(B) develop and validate the risk and needs assessment tool to be used in the reassessments of risk and recidivism, while prisoners are participating in and completing evidence-based recidivism reduction programs and productive activities.

18 U.S.C. 3621(h)(2). . . .

ECF No. 9, pgs. 6-7.

Here, it is clear that Petitioner has not yet sought administrative relief from the BOP for the simple reason that it would be premature for him to do so prior to expiration of the phase-in period.  For this additional reason, the Court finds that relief under 28 U.S.C. § 2241 is not appropriate at this time.

## III.  CONCLUSION

Based on the foregoing, the undersigned recommends that:

1.      Respondent's motion to dismiss, ECF No. 9, be granted;

2.      Petitioner's motion for injunctive relief, ECF No. 2, be denied;

3.      Petitioner's motion for an expedited hearing, ECF No. 8, be denied; and

4.      This action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court.  Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  November 3, 2021

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

6